CASE NO.: 13-15207-B

IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

SECHAN REALTY, INC.

Defendant/Appellant,

v.

NANETTE MERCER

Plaintiff/Appellee.

_____

RESPONSE TO APPELLANT'S MOTION FOR ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW OR, IN THE ALTERNATIVE, MOTION TO TRANSFER CONSIDERATION OF ATTORNEYS' FEES TO DISTRICT COURT

_____

| | |
|---|---|
| **MARCY I. LAHART, P.A.** | **ROBERT N. HARTSELL, P.A.** |
| Marcy I. La Hart, Esq. | Robert N. Hartsell Esq. |
| Florida Bar No. 0967009 | Florida Bar No. 636207 |
| 4804 SW 45th Street | Sarah M. Hayter Esq. |
| Gainesville, FL 32608 | Florida Bar No. 83823 |
| Telephone: (352) 224-5699 | Federal Tower Building |
| marcy@floridaanimallawyer.com | 1600 S. Federal Highway, Suite 921 |
| | Pompano Beach, FL 33062 |
| | Telephone: (954) 778-1052 |
| | robert@hartsell-law.com |
| | sarah@hartsell-law.com |

# **CERTIFICATE OF INTERESTED PERSONS**

A complete list of persons, associated persons, firms, partnerships or corporations that have a financial interest in the outcome of this case, including all subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party:

Elizabeth D. Gaukroger, Esq., Counsel for Appellant

Hackelman, Olive, Judd, P.A., Counsel for Appellant

Marcy I. LaHart, Esq., Counsel for Appellee

Marcy I. LaHart, P.A., Counsel for Appellee

Nanette Mercer, Plaintiff

Robert N. Hartsell, Esq., Counsel for Appellee

Robert N. Hartsell, P.A., Counsel for Appellee

Sarah M. Hayter, Esq., Counsel for Appellee

Sechan Realty, Inc., Appellant

## I.     Introduction

On July 27, 2013, Appellant, SECHAN REALTY, INC. ("Appellant" or "Sechan"), filed a complaint for eviction against NANETTE MERCER ("Appellee" or "Mercer") in the 17th Judicial Circuit in and for Broward County, Florida. Mercer had occupied her unit for seven years and was not in arrears. However, Sechan moved for a default eviction, due to Mercer's failure to pay rent into the Court registry, notwithstanding the fact that the rent had been received by the Appellant. Only after the Appellant moved for a default eviction were Mercer's rent checks for June, July and August, 2013 were returned to Mercer's undersigned counsel.

On August 21, 2013, Mercer filed a complaint for housing discrimination under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, asserting that she was evicted in retaliation for having exercised her fair housing rights. Mercer requested and was granted a temporary restraining order ("TRO") to prevent her from being forced out of her apartment until the merits of her Fair Housing Claim could be determined.

This Court vacated the order granting the preliminary injunction but affirmed the denial of Sechan's motion to enforce the terms of a prior settlement agreement resolving Sechan's previous attempt to evict Mercer because of her assistance animal.

## II. The Parties' Lease Agreement Does Not Entitle Sechan to Attorney's Fees in This Action

This case is not an action for a breach of the Lease Agreement that once existed between Mercer and Sechan Realty, Inc., but rather a disability discrimination case under the Fair Housing Act. Neither of the two cases cited by Sechan as support for its claim for fees against Mercer are applicable here, as both cases were actions to enforce or interpret the lease which ultimately supported an award of prevailing party attorney's fees. In *Animal Wrappers & Doggie Wrappers, Inc. v. Courtyard Distrib. Ctr., Inc*., one party sued for return of a security deposit under the lease agreement, the other party counterclaimed for breach of the same agreement. 73 So.3d 354, 355 (Fla. 4th DCA 2011); *see also*, *Freeman v. Rice*, 548 Fed. Appx. 594 (11th Cir. Fla. 2013) ("Freeman also cannot cite to any authority or facts suggesting that Rice's suit involved anything other than a suit to enforce the residential lease."). Sechan's entitlement to attorneys' fees under the residential lease, if any, was a matter to be decided by the state judge that granted the default eviction against Mercer. In this case, Sechan's right to attorney's fees, if any, is determined under the Fair Housing Act, which, as discussed below, are available only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation . . . ." *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

### III. Sechan is not Entitled to its Reasonable Attorneys' Fees under the Fair Housing Act or 28 U.S.C. Section 1927

There has been no determination of the merits of Mercer's fair housing claim, and Sechan was successful on only one of the two issues upon which it appealed. Assuming *arguendo* Sechan can be considered a prevailing party at this stage of the litigation, as Sechan apparently recognizes, in order to be entitled to prevailing party attorney's fees a fair housing act defendant, Sechan must meet a heightened burden of showing that Mercer's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412 (1978). In applying the *Christiansburg* standard, this Court's focus in awarding a prevailing defendant attorneys' fees is whether a plaintiff's claim "is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Wigfall v. Sodexo, Inc*., 539 Fed. Appx. 942 (11th Cir. 2013) *citing Sullivan v. Sch. Bd. of Pinellas Cnty*., 773 F.2d 1182, 1189 (11th Cir. 1985) (*quoting Jones v. Texas Tech Univ*., 656 F.2d 1137, 1145 (5th Cir. 1981).

Mercer's request that Sechan be restrained from enforcing a default eviction which she asserts was obtained in retaliation against Mercer for having asserted her fair housing rights was not groundless or frivolous. In fact, the District Court Judge found not once, but twice that Mercer had demonstrated a substantial likelihood of

prevailing on the merits of her claim, as he granted an initial TRO, and then reinstated it after asking for briefing on the very issues raised in this appeal, ultimately deciding in favor of Mercer. Seeking to preserve the status quo to prevent a plaintiff from being ousted from her home pending resolution of a housing discrimination complaints on its merit is hardly frivolous. *See Johnson v. U S. Dep't of Agric.*, 734 F.2d 774, 788 (11th Cir. 1984) ("[I]rreparable injury is suffered when one is wrongfully ejected from his home. Real property and especially a home is unique.").

There is considerable precedent for excepting from the Anti-Injunction Act enjoining state court eviction proceedings when the eviction is alleged to violate the Fair Housing Act, including recent precedent in a case factually very similar to Mercer's. In *Sinisgallo v. Town of Islip Housing Authority*, 865 F. Supp. 2d 307, 317 (E.D.N.Y. 2012), the district court enjoined a state court eviction proceeding until final consideration of plaintiffs' disability discrimination claims, finding an exception to the Anti-Injunction Act, namely that the federal court would not be able to provide meaningful relief to plaintiffs if they had already lost their housing due to the eviction. The fact that Mercer was unsuccessful in preventing the preliminary injunction entered by the District court from being overturned does not mean that her request for injunctive relief was so "lacking in arguable merit as to be groundless or without foundation."

Sechan's claim of entitlement to fees pursuant to 28 U.S.C. § 1927 is equally without merit. A claim for sanctions under 28 U.S.C. § 1927 involves, in part, two essential requirements: (1) "the attorney must engage in unreasonable and vexatious conduct;" and (2) the conduct must multiply the proceedings. *Hodges v. Publix Super Mkts., Inc.*, 372 Fed. Appx. 74 (11th Cir. Fla. 2010) *citing Amlong & Amlong, P.A. v. Denny's, Inc*., 500 F.3d 1230, 1239 (11th Cir. 2007). "[A]n attorney multiplies proceedings 'unreasonably and vexatiously' . . . only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Id.* (citation omitted). Bad faith, in turn, is measured objectively, and exists "where an attorney knowingly or recklessly pursues a frivolous claim." *Id.* at 1241(quotation and citation omitted).

Mercer's counsel in good faith fought to keep an elderly, disabled woman from being ousted from her home of seven years until her disability discrimination claims were considered.  As discussed above, requesting injunctive relief to maintain the status quo pending a resolution of a housing discrimination claim on its merits is hardly frivolous, notwithstanding the fact that the Defendant successfully convinced a state court judge to issue a retaliatory default eviction. Defendant fails to identify any "vexatious conduct" of counsel which has "multiplied the proceedings." To the contrary, in the face of binding precedent that fair housing plaintiffs in state court must comply with a non-existent duty to

exhaust administrative remedies, Mercer's counsel hoped to more expediently vindicate their clients fair housing rights in federal court where no such duty is imposed, and thus prevent Mercer from being ousted from her home before she had the opportunity to prove she is being evicted solely for a retaliatory and thus illegal reason.

Notwithstanding the Defendant's wholly conclusory allegations that the law is "well settled," given that the District court felt Mercer had demonstrated entitlement to injunctive relief, Mercer's counsels' conduct is hardly unreasonable and vexatious.

## CONCLUSION

The lease agreement that once existed between the parties does not entitle Sechan to attorney's fees in this action, and Sechan has failed to meet its burden of demonstrating that Mercer's claim for injunctive relief pending determination of her disability discrimination claim "was frivolous, unreasonable, or groundless" or that Mercer's counsel engaged in unreasonable or vexatious conduct. Accordingly, Mercer respectfully requests that Sechan's motion for attorney's fees be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 5, 2014, a copy of the foregoing was electronically submitted via CM/ECF and served by U.S. mail and electronic mail on Kara L. Strochlic, Esquire, Hackleman, Olive & Judd, P.A., 2426 East Las

Olas Boulevard, Fort Lauderdale, Florida 33301, kstrochlic@hojlaw.com, and was sent by Federal Express to the Clerk of the Court.

          BY:   s/Marcy LaHart
Marcy I. LaHart, Esq.
Florida Bar No. 0967009
MARCY I. LAHART, P.A.
4804 SW 45th Street
Gainesville, FL 32608
Telephone: (352) 224-5699
marcy@floridaanimallawyer.com


Robert N. Hartsell Esq.
Florida Bar No. 636207
Sarah M. Hayter Esq.
Florida Bar No. 83823
ROBERT N. HARTSELL, P.A.
Federal Tower Building
1600 S. Federal Highway, Suite 921
Pompano Beach, FL 33062
Telephone: (954) 778-1052
Facsimile:
robert@hartsell-law.com
sarah@hartsell-law.com