UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61815-CIV-SCOLA/OTAZO-REYES

NANETTE MERCER,

    Plaintiff,

v.

SECHAN REALTY, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Sechan Realty, Inc.'s ("Defendant" or "Sechan") Motion for Attorneys' Fees ("Motion for Fees") or, in the Alternative, Motion to Transfer Consideration of Attorneys' Fees to District Court ("Motion to Transfer") [D.E. 57, 58]. Sechan seeks to recover its attorneys' fees as prevailing party on appeal. The Eleventh Circuit granted the Motion to Transfer [D.E. 57]. The Motion for Fees was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 60]. Sechan seeks to recover fees from Plaintiff Nanette Mercer ("Plaintiff" or "Mercer") and also from her counsel pursuant to 28 U.S.C. § 1927. Based on the latter, the undersigned held an evidentiary hearing on December 22, 2014 on the Motion for Fees. See Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1242 (11th Cir. 2007) ("[A]n attorney threatened with sanctions under § 1927 is entitled to a hearing."). Having considered the evidence presented at the December 22nd hearing as well as the pertinent portions of the record, the undersigned respectfully recommends that the Motion for Fees be granted in part and that Sechan be allowed to recover appellate fees from Mercer but not from her counsel.

## **PROCEDURAL HISTORY**

The following recitation of the procedural posture of the case prior to the appeal is taken verbatim from the Eleventh Circuit's opinion:

> In 2013, Mercer filed a complaint in district court alleging claims against Sechan under the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq*. By way of background, Sechan originally filed a complaint for eviction in state court based upon Mercer's status as a holdover tenant. Mercer filed a counterclaim setting forth claims under the Florida FHA, Fla. Stat. § 760.20 *et seq*. Specifically, Mercer asserted that Sechan had improperly attempted to evict her after Mercer requested to keep her emotional-support dog in her residence as a reasonable accommodation for her disability. The parties subsequently entered into a settlement agreement, whereby Sechan agreed to allow Mercer to occupy the rental property for an additional year. In return, Mercer dismissed with prejudice her discrimination claims against Sechan.
>
> When Mercer failed to vacate the rental property upon the expiration of the renewed lease, Sechan again moved to evict Mercer. Mercer, in turn, refiled in state court her counterclaims under the Florida FHA. After a hearing, the state court entered a default judgment for eviction, pursuant to Fla. Stat. § 83.60(2), due to Mercer's failure to deposit rent into the state court registry or to file a motion to determine the amount of rent to be paid into the registry.
>
> The following day, Mercer filed a complaint in district court listing claims under the FHA. She also attached an emergency motion for a temporary restraining order (TRO) and/or preliminary injunction, seeking to enjoin Sechan from evicting her pending the resolution of her FHA claims. The district court initially granted the motion, then, following a hearing, vacated its order and asked the parties for supplemental briefing.
>
> Back in state court, Mercer appealed the default judgment of eviction and simultaneously filed a motion for a stay pending her appeal. Sechan moved to dismiss Mercer's counterclaims under the Florida FHA for failure to exhaust administrative remedies. The state court dismissed Mercer's counterclaims without prejudice, and also granted Mercer's motion for a stay.
>
> Following the dismissal of Mercer's counterclaims in state court, the district court reinstated the TRO based on its assessment that the "requirement that a plaintiff exhaust her administrative remedies before she may proceed on a Fair Housing claim . . . appears inconsistent with federal law." Mercer filed a copy of the injunction in state court. Sechan moved in federal court to vacate the preliminary injunction, and also filed a motion to enforce the terms of the settlement agreement. The district court denied both motions. This is Sechan's appeal.

See Mandate of USCA [D.E. 54 at 4-6] (footnotes omitted).

After reviewing the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, and concluding that none of the three exceptions to the Act applied, the Eleventh Circuit found that "the district court [had] abused its discretion by enjoining the state court's default eviction judgment" and vacated the TRO. Id. at 9-10. However, the Eleventh Circuit also found that

> the district court properly denied Sechan's motion to enforce the terms of the settlement agreement because that agreement resolved a prior dispute between the parties, and [did] not pertain to the current eviction proceedings, which arose after the execution of the settlement agreement.

Id. at 10. Thus, the Eleventh Circuit vacated and remanded in part; and affirmed in part. Id.

## DISCUSSION

Sechan seeks an award of attorney's fees spent on appeal on three grounds. Sechan seeks fees under the express terms of the lease agreement between Sechan and Mercer, and pursuant to the FHA. Sechan also seeks to recover fees from Mercer's counsel, Marcy I. LaHart ("LaHart"), pursuant to 28 U.S.C. § 1927. For the reasons stated below, the undersigned respectfully recommends that Sechan's request for appellate fees be granted in part, pursuant to the terms of the lease agreement.

### 1. Request for fees against Mercer pursuant to the lease agreement.

Sechan relies on the following provision in the one-year lease agreement executed by the parties after they settled their initial dispute:

> TENANT shall pay all costs and expenses and attorneys fees which may be incurred or expended by LANDLORD in enforcing the terms, covenants and conditions of this lease agreement, whether through legal proceedings, action of LANDLORD's attorney or otherwise with such costs, expenses, and attorneys fees to be payable to LANDLORD immediately upon demand for payment thereof.

3

See Motion for Fees [D.E. 57 at 6] (citing Lease Agreement [D.E. 57 at 17-18]). According to Sechan, "this provision entitles [it] to an award of its appellate fees because Mercer's district court action was filed, in significant part, to enjoin the state court eviction proceeding brought pursuant to the Lease Agreement." Id. Mercer counters that "Sechan's entitlement to attorneys' fees under the residential lease, if any, was a matter to be decided by the state judge that granted the default eviction against Mercer" and Sechan may only seek to recover its appellate fees, if any, under the FHA. See Mercer's Response to Motion for Fees [D.E. 59 at 4]. This facile answer does not dispose of the matter, given that Sechan is seeking attorney's fees expended in the appellate proceedings before the Eleventh Circuit, not fees expended in state court. Thus, the state court could not have decided this request for fees.

The question is whether Sechan's appellate fees were "incurred or expended . . . in enforcing the terms, covenants and conditions of [the] [L]ease [A]greement." Sechan brought the eviction proceedings in state court to oust Mercer as a holdover tenant under the Lease Agreement. The TRO obtained by Mercer enjoined the default judgment of eviction. Sechan filed its appeal for the purpose of having the TRO vacated. Thus, Sechan's appellate fees were expended to enforce one of the terms of the Lease Agreement, namely, its termination date. Therefore, Sechan is entitled to recover its reasonable attorney's fees incurred in the appeal.

2.  **Request for fees against Mercer pursuant to the FHA.**

The FHA provides that in a civil action under the Act, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2). The substantive standards applicable to such fee awards are the same as those developed for cases brought under 42 U.S.C. § 1983. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 757 (2d Cir. 1998) ("In actions under § 1983 and the FHA, 'the court, in its

4

discretion, may allow the prevailing party ... a reasonable attorney's fee' and costs. 42 U.S.C. §§ 1988(b), 3613(c)(2). The same substantive standards apply in both types of cases."). In turn, the fee shifting standards developed for Title VII claims are equally applicable to fee claims brought pursuant to Sections 1988 and 1983. Hughes v. Rowe, 449 U.S. 5, 14 (1980) ("Although arguably a different standard might be applied in a civil rights action under 42 U.S.C. § 1983, we can perceive no reason for applying a less stringent standard.") In Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412 (1978), the United States Supreme Court ruled that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421. This standard has been described as a "stringent" one. Bonner v. Mobile Energy Servs. Co., 246 F.3d 1303, 1304 (11th Cir. 2001) (citing Hughes, 449 U.S. at 14). Indeed, the Supreme Court in Christiansburg cautioned that:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg, 434 U.S. at 421-22. The Supreme Court added that:

> assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

5

Id. at 422. "[A] claim is not frivolous when it is meritorious enough to receive careful attention and review." Cohen v. World Omni Fin. Corp., 457 F. App'x 822, 828 (11th Cir. 2012) (citing Busby v. City of Orlando, 931 F.2d 764, 787 (11th Cir. 1991)).

Here, Mercer's request for the TRO was given careful attention by the Court and the issuance of the TRO was given careful attention by the Eleventh Circuit. Therefore, it cannot be said that Mercer initially seeking a TRO or litigating the matter in the Eleventh Circuit was frivolous. Therefore, Sechan is not entitled to recover its appellate fees pursuant to the FHA.

### 3. Request for fees against LaHart pursuant to 28 U.S.C. § 1927.

Title 28, United States Code, Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Sanctions under Section 1927 "are measured against objective standards of conduct." Denny's, 500 F.3d at 1241. As further explained by the Eleventh Circuit:

> [A]n attorney's conduct must be particularly egregious to warrant the imposition of sanctions--the attorney must *knowingly* or *recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim. If the attorney's misconduct meets this high standard, the district court may order the attorney to pay the "costs, expenses, and attorneys' fees reasonably incurred" because of the attorney's misconduct--that is, the excess costs that the attorney's multiplication of proceedings has added to the cost of the litigation.

Id. at 1242.

Sechan argues that LaHart's conduct in litigating the appeal satisfies this standard because the underlying federal action should have never been brought. The undersigned disagrees. In considering Sechan's request for fees under the FHA, the undersigned has found that the request for the TRO was not frivolous. Moreover, having heard the sincere testimony of

6

LaHart, the undersigned concludes that she did not knowingly or recklessly pursue the request for the TRO that was ultimately vacated. Rather, the undersigned concludes that LaHart acted out of concern for the welfare of her client. Therefore, Sechan is not entitled to recover its appellate fees from LaHart pursuant to Section 1927.

### 4. Reasonableness of fee request.

"Although the party requesting attorney's fees must submit evidence sufficient to allow the court to determine that the requested fees are reasonable, 'objections and proof concerning hours that should be excluded must be specific and reasonably precise.'" Rodriguez v. Super Shine & Detailing, Inc., No. 09-23051-CIV, 2012 WL 2119865, at *4 (S.D. Fla. June 11, 2012) (citing Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999); Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988)). However, even if the objecting party fails to raise specific and reasonably precise objections, the court has the duty to ensure that a fee award is reasonable and it is within that court's discretion to award fees that it deems reasonable. See Rodriguez, 2012 WL 2119865, at *4-5 (citing Godoy v. New River Pizza, Inc., 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008)).

Here, Sechan has submitted in support of its request for appellate fees the affidavit of Benjamin E. Olive, Esq. attesting to the reasonableness of the hourly rates and number of hours charged underlying this amount. See Motion for Fees [D.E. 57 at 32-33]. Sechan also filed Eleventh Circuit Forms, classifying the time expended by category, and supporting time records. Id. at 19-31. In her Response to the Motion for Fees, Mercer did not challenge the reasonableness of the amount, the hourly rate or the hours sought by Sechan. See Mercer's Response to Motion for Fees [D.E. 59]. Therefore, the undersigned has conducted an independent review of the components of Sechan's fee request.

7

The breakdown of Sechan's fee request is as follows:

| Timekeeper | Position | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| K. Strochlic | Attorney | $245/$275 | 134.9 | $36,422.00 |
| B. Olive | Attorney | $395 | 1.0 | 395.00 |
| C. Petersen | Attorney | $375 | 1.3 | 487.50 |
| K. Armada | Attorney | $335 | 2.5 | 837.50 |
| M. Sanchez | Attorney | $265 | 1.9 | 503.50 |
| C. Gabler | Paralegal | $125 | 3.0 | 375.00 |
| S. Mascoll | Paralegal | $125 | 0.7 | 42.50 |
| **Total** | | | | **$39,063.00** |

The bulk of Sechan's fee request is attributable to K. Strochlic, whose hourly rate is $245/$275. The hours charged by the remaining timekeepers are *de minimis*. Therefore, the undersigned only reviews K. Strochlic's fee request.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. As to the reasonableness of hourly rates, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. at 1303. The undersigned finds that an hourly rate for K. Strochlic of $245 is reasonable.

With regard to reasonableness of hours, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour

8

analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). After considering the scope of the appeal and reviewing the Eleventh Circuit's opinion, the undersigned finds the 134.9 hours claimed by K. Strochlic to be excessive. Therefore, the undersigned reduces those hours across the board by 30%, resulting in an adjusted total of 94.4 hours. Id.

Based on the foregoing, the adjusted fees are:

| Timekeeper | Position | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| K. Strochlic | Attorney | $245 | 94.4 | $23,128.00 |
| B. Olive | Attorney | $395 | 1.0 | 395.00 |
| C. Petersen | Attorney | $375 | 1.3 | 487.50 |
| K. Armada | Attorney | $335 | 2.5 | 837.50 |
| M. Sanchez | Attorney | $265 | 1.9 | 503.50 |
| C. Gabler | Paralegal | $125 | 3.0 | 375.00 |
| S. Mascoll | Paralegal | $125 | 0.7 | 42.50 |
| Total | | | | $25,769.00 |

## CONCLUSION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Fees be GRANTED IN PART pursuant to the terms of the Lease Agreement and that Mercer be ordered to pay to Sechan the amount of $25,769.00 for appellate fees incurred in the Eleventh Circuit.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation to file written objections, if any, with the Honorable

Robert N. Scola, Jr., United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See <u>Resolution Trust Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in Miami, Florida on this 5th day of January, 2015.

*[signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Robert N. Scola, Jr.
    Counsel of Record