UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. O:13-cv-61815-RNS- Civil

NANETTE MERCER

    Plaintiff,

vs.

SECHAN REALTY, INC.

    Defendant.

_____/

**PLAINTIFF NANETTE MERCER'S MOTION TO SET A REASONABLE FEE**

Plaintiff NANETTE MERCER (hereinafter "MERCER"), by and through undersigned counsel requests that this honorable Court enter an Order setting a reasonable fee for the deposition of Plaintiff's treating mental health care provider Dr. Adele Bezner, and in support thereof states:

1. This is a fair housing case stemming from Defendant's discriminatory eviction of Mercer because Mercer, a person with a disability, relies upon an assistance animal to ameliorate the symptoms of her disability.

2. On December 24, 2014, Mercer served her disclosures Defendant, and identified Dr. Besner as her psychologist, indicating that Dr. Besner has knowledge concerning Mercer's disabilities, the functional limitations imposed by those disabilities, and Plaintiff's need for an assistance animal.

3. Without coordinating with counsel or the witness, Defendant subpoenaed Dr. Besner for deposition to be taken on Monday, January 12, 2014.

4. Dr. Besner's assistant contacted Defendant's counsel to make arrangements for payment, and was informed that because Dr. Besner is currently treating Mercer, Defendant's counsel considers Dr. Besner a fact witness and therefore refuses to compensate Dr. Besner for her time spent in deposition.

5. Undersigned counsel's effort to disavow Defendant's counsel of the notion that they are entitled to obtain Dr. Besner's testimony without compensating Dr. Besner has been to no avail.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(b)(4)(E) requires that a party seeking discovery generally must pay the cost of an expert's deposition testimony "unless manifest injustice would result." In evaluating the reasonableness of an expert's deposition fee, courts consider the following:

> (1) The witness's area of expertise;
> (2) The education and training required to provide the expert's insight which is sought;
> (3) The prevailing rates of other comparably respected available experts;
> (4) The nature, quality, and complexity of the discovery responses provided;
> (5) The fee actually charged to the party who retained the expert;
> (6) Fees traditionally charged by the expert on related matters; and
> (7) Any other factor likely to assist the court in balancing the interests implicated by Rule 26. *See Cruz v. Home Depot, U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 117801 (M.D. Fla. Oct. 12, 2011)

Dr. Bezner, whose resume is attached hereto as Exhibit A, has more than thirty years of experience in her field. Dr. Bezner's standard fee for providing expert testimony is $350.00 per hour.

WHEREFORE, Plaintiff NANNETTE MERCER respectfully requests that the Court enter an Order setting Dr. Bezner's deposition fee at $350.00 per hour, requiring that Defendant

prepay the doctor for one hour of time at her designated rate, and requiring that any balance owed be paid within ten days of the conclusion of the deposition, as well as any such other relief as this Court deems just and proper.

### CERTIFICATION OF COMPLIANCE WITH RULE 7.1(a)(3)

Counsel for Plaintiff attempted to confer with Defendant's counsel in a good faith effort to resolve by agreement the issues raised herein and was unable to do so. Specifically, undersigned counsel emailed counsel for Defendant at 2:25 pm on Tuesday, January 6, 2014 as follows: "I have been informed by Dr. Besner's assistant that you have informed her you will not pay Dr. Besner's fees for preparing for and appearing at deposition because she is Nan Mercer's treating mental health care provider, and therefore not an expert. This supposition is not correct, Dr. Besner is an expert and is entitled to be compensated for her time spent being deposed. Dr. Besner's fee is $350 per hour. Please advise by 5 pm if it will be necessary to motion the court to set a fee." As of the time of this filing, Defendant's counsel have not responded.

Dated: January 8th, 2014.

Respectfully submitted,

| | |
|---|---|
| BY: _/s/_____ | BY: _/s/_____ |
| Marcy I. LaHart, Esq. | Robert N. Hartsell, Esq. |
| Florida Bar No. 0967009 | Florida Bar No. 636207 |
| Marcy@floridaanimallawyer.com | Sarah M. Hayter, Esq. |
| MARCY I. LAHART, P.A. | Florida Bar No. 83823 |
| 4804 SW 45th Street | Robert@Hartsell-Law.com |
| Gainesville, Florida 32608 | Sarah@Hartsell-Law.com |
| Telephone (352) 224-5699 | ROBERT N. HARTSELL, P.A. |
| Attorney for Plaintiff | Federal Tower Building |
| | 1600 S. Federal Highway, Suite 921 |
| | Pompano Beach, Florida 33062 |
| | Telephone (954) 778-1052 |
| | Facsimile (954) 941-6462 |
| | Attorney for Plaintiff |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document is being served this 6th day of January on all counsel of record: Kara Strochlic, Kstrochlic@hojlaw.com and Benjamin Olive, bolive@hojlaw.com, Hackleman, Olive and Judd, P.A., 2426 East Las Olas Blvd., Fort Lauderdale, Florida 33301.

By: /s/ Sarah M. Hayter
Robert N Hartsell, Esq.
Florida Bar No. 636207
Sarah M. Hayter, Esq.
Florida Bar No. 83823

ROBERT N. HARTSELL, P.A.
*Attorneys for Plaintiff*
1600 S. Federal Hwy, Ste 921
Pompano Beach, FL 33062
Telephone: (954) 778-1052
Robert@Hartsell-Law.com
Sarah@Hartsell-Law.com